UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ROYAL CREDIT UNION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 22-0186 (UNA) |
| | ) |
| MILDRED L. HARTNELL, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

It appears that Ryan Thomas Bechard has an interest in real estate and that there is a foreclosure proceeding pending in the Buffalo County, Wisconsin Circuit Court. *See* Notice ¶¶ 1, 21. Bechard attempts to remove the state proceeding to this federal district court. Generally, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The District of Columbia is not "the district . . . embracing the place" where the Wisconsin matter proceeds.

The Court notes that plaintiff asserts federal admiralty claims, *see* Notice ¶¶ 3-4, 9, in an apparent attempt to remove the Wisconsin case under 28 U.S.C. § 1441(c). *See Neibuhr v. Nat'l R.R. Passenger Corp.*, 955 F. Supp. 135, 138 (D.D.C. 1997) (noting that removal under § 1441(c) "must be predicated upon federal question jurisdiction only and not diversity jurisdiction"). It is doubtful that admiralty law applies to the foreclosure of real property, however, and the Court is not persuaded that Bechard may avoid the territorial limitation of § 1441(a) in this case.

1

Even if removal of the Wisconsin case were proper, removal to the District of Columbia is not. *See Galea v. Law Offices of Cary Alan Cliff, P.A.*, 771 F. App'x 11 (D.C. Cir. 2019) (per curiam). The Court will grant Bechard's application to proceed *in forma pauperis* and dismiss the complaint and this civil action without prejudice. An Order is issued separately.

DATE: March 7, 2022

/s/
AMIT P. MEHTA
United States District Judge